UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Peter G. Corn,

                                            Plaintiff,

    -v.-                                                5:05-CV-01617
                                                               (NPM)

The City of Syracuse; The City of
Syracuse Police Department; and
P.O. Brian Novitsky and Sgt. Joel
Cordone, officers of the Syracuse
Police Department,

                                            Defendants.

APPEARANCES:                          OF COUNSEL:

FOR THE PLAINTIFF:

Office of Richard J. Lyons            Richard J. Lyons
2103 Milton Avenue
Syracuse, NY 13209

FOR THE DEFENDANTS:

Rory A. McMahon                  Joseph Francis Bergh
City of Syracuse Corporation      Assistant Corporation Counsel
  Counsel
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202


Neal P. McCurn, Senior District Judge

## Memorandum, Decision and Order

Presently before the court is a motion to dismiss by defendant, the City of Syracuse Police Department ("the Police Department"), for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, Peter G. Corn, consents in part and opposes in part. The Police Department replies. Consideration of the pending motion is on the papers submitted without oral argument.

### I.      Procedural Background

Initially, this civil rights lawsuit was removed to this court from the Supreme Court of the State of New York, Onondaga County. Plaintiff's original complaint named the City of Syracuse ("the City"), the Police Department, and two Police Department employees, Officer Brian Novitsky and Sergeant Joel Cardone, as defendants. An earlier motion to dismiss was denied by the court with permission for plaintiff to amend his complaint to cure certain defects. Plaintiff thereafter amended his complaint, but omitted the City as a defendant.

The Amended Complaint includes two causes of action against all defendants, each for violations of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution as predicates to a civil rights claim pursuant to 42 U.S.C. § 1983. By its Rule 12(b)(6) motion, defendant Police Department seeks dismissal of all claims against it for lack of capacity to be sued, and in the alternative, for failure to state a claim that said defendant violated plaintiff's rights under section 1983.

### II.     Factual Background

Because the court is presented with a Rule 12(b)(6) motion to dismiss, it must accept the following allegations of fact set forth in the Amended Complaint as true, and draw all inferences in favor of the plaintiff. See Almeida v. Aguinaga,

— F.Supp.2d —, 2006 2942853, at *2 (S.D.N.Y. 2006) (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993)).

Late in the evening of December 4, 2004, plaintiff was arrested by defendant Novitsky for driving while intoxicated ("DWI") and failure to stop at a stop sign. In less than an hour, plaintiff was brought to the Public Safety Building ("PSB"), processed on both arrests, and released from custody. While leaving the PSB with a companion, plaintiff encountered Novitsky, and the two "exchanged words." Am. Compl. ¶ 10, Doc. 19. At some time shortly thereafter, plaintiff apparently got into his vehicle. See id. at ¶ 11. Novitsky then "approached the plaintiff, instructed him to get out of his vehicle, arrested the plaintiff on a violation of § 240.25 of the Penal Law, Harassment 2nd Degree, a non-criminal offence, and accused plaintiff of harassing plaintiff's companion []." Id.

Plaintiff's arrest on the harassment charge "was without basis in fact or law[,]" Am. Compl. ¶ 19, and was "contrary to the policies and directives of the [] Police Department[,]" Am. Compl. ¶ 22. As a result of this arrest, which was approved by Sergeant Cordone, plaintiff was held in custody at the Onondaga County Justice Center until he was released on "pre-arraignment bail".

### III. Analysis

In considering the present motion, the court is mindful that "[a] claim may be dismissed only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Almeida, 2006 2942853, at *2 (quoting Conley v. Gibson, 355 U.S. 41, 46-46, 78 S.Ct. 99 (1957)). This "principle is to be applied with particular strictness when the plaintiff complains of a civil rights violation." Smith v. Gribetz, 958 F.Supp. 145, 150 (S.D.N.Y. 1997) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

In support of its motion, the Police Department argues in the first instance that as an administrative arm of a municipal corporation, it lacks capacity to be sued. Plaintiff does not oppose the motion on this ground, to the extent he is permitted to substitute the City as a defendant. Because the City and Police Department do not oppose substitution of the City as a party to this action, the court hereby grants defendant's motion to dismiss all claims against it, and substitutes the City as a defendant to all claims in this action.

Remaining for resolution is defendant's alternative argument that plaintiff fails to state a cause of action against the City pursuant to 42 U.S.C. § 1983 because the Amended Complaint lacks any allegation of a City or Police Department policy or custom which deprived plaintiff of his constitutional rights. To be sure, a municipal entity such as the City here, may not liable pursuant to § 1983 under the theory of *respondeat superior*, but may be liable where its employee acted pursuant to an official policy or custom of said entity. See Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990).

In opposition, plaintiff contends that the Amended Complaint fully complies with the liberal notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure, which merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff further argues that his unlawful arrest occurred pursuant to a commonly followed policy within the Police Department referred to as an arrest for "Contempt of Cop".

Plaintiff is correct in his argument that in order to plead a civil rights claim against the City, all that is required is compliance with the pleading standard under

Rule 8.  However, broad, conclusory statements are inadequate and will not satisfy said standard.  See Smith, 958 F.Supp. at 151-152.  "[C]omplaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning."  Barr v. Abrams, 810 F.2d 358, 363 (2d Cir.1987).  Moreover, on a Rule 12(b)(6) motion, this court may only consider "the factual allegations in the complaint, [. . .] documents attached to the complaint as exhibits or incorporated by reference, [. . .] matters of which judicial notice might be taken, and [. . . ] documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit."  Muller-Paisner v. TIAA, 446 F.Supp.2d 221, 226-227 (S.D.N.Y. 2006) (citing Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993) (internal citations omitted)).

   The allegation that plaintiff's arrest was pursuant to a policy of arrest for "Contempt of Cop" in wholly absent from his Amended Complaint.  What is more, as defendant aptly points out, plaintiff actually alleges that his arrest was "contrary to the policies and directives of the Syracuse Police Department."  Am. Compl. ¶ 22.  In order to survive a Rule 12(b)(6) motion, a section 1983 claim against a municipality must be plead, at the very least, with "allegations of fact tending to support, at least circumstantially, . . . an inference [of a municipal policy or custom]."  Davis v. County of Nassau, 355 F.Supp.2d 668, 678 (E.D.N.Y. 2005) (quoting Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotations omitted)).  The allegations in plaintiff's amended complaint are completely devoid of any facts which would lead to an inference that Officer Novitsky or Sergeant Cardone acted pursuant to a policy or custom of the City or the Police Department.  Therefore, plaintiff cannot state a section 1983 claim against the City, and as such, the City is hereby dismissed as a defendant to this

lawsuit.

## IV.  Conclusion

In accordance with the foregoing discussion, it is ORDERED that the motion to dismiss filed by defendant, the City of Syracuse Police Department, is hereby GRANTED.

IT IS SO ORDERED.

DATED:    December 19, 2006
          Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge